**Snyder v. Leinhardt**

*Frank B. Boyle*, for plaintiffs.

*Donald W. Dorr, Jay V. Yost and Donn I. Cohen*, for defendants.

*Jesse L. Crabbs*, for additional defendant.

BUCKINGHAM, J., August 16, 1971.—In this case, plaintiffs sued defendants in assumpsit for $14,625 on the following allegations: That plaintiffs are the owners of all the stock in Oxford Wood Products, Inc. (Oxford); that plaintiffs and defendants entered into an oral contract in October of 1969 whereby defendants agreed to buy all of plaintiffs' shares of stock in Oxford for the price of $14,625 and that, although plaintiffs have demanded the contract price, defendants have refused to pay them the same. Defendant, Hoffman, has filed a pleading entitled answer, new matter and counterclaim wherein he denies the allegations of plaintiffs and further alleges that in October of 1969 he was wrongfully and fraudulently induced by plaintiffs, the other defendants and the Bank of Hanover and Trust Company (bank) and Oxford to pay over to Oxford the sum of $10,000 in connection with the negotiations concerning the sale of the stock referred to in plaintiffs' complaint and that, therefore, plaintiffs, the other defendants, the bank and Oxford are individually and severally liable to him for the said $10,000. Hoffman, thus, has counterclaimed against plaintiff and the other defendants for the said $10,000 and has, by his new matter, attempted to join the bank and Oxford as additional defendants to recover the said $10,000.

The other defendants, Leinhardt and Leinhardt Brothers and the additional defendant, Bank, have filed preliminary objections to Hoffman's new matter and counterclaim on the grounds that Hoffman had no right to file a counterclaim against the other defendants

or to join the bank as an additional defendant under new matter and because the joinder of the bank was filed beyond the 60-day limit provided for in the Rules of Civil Procedure. It is clear that Hoffman's answer, new matter and counterclaim were filed more than 60 days after plaintiffs' complaint was served on him. Hoffman's brief indicates, and it is not disputed, that plaintiffs' counsel gave Hoffman's counsel an extension of time to file an *answer*. It goes without saying that this extension of time is not binding on the other defendants or the additional defendants.

The following Pennsylvania Rules of Civil Procedure are applicable:

"Rule 1031. Counterclaim.

"(a) The defendant may set forth in the answer under the heading 'Counterclaim' any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual.

"(b) A counterclaim need not diminish or defeat the relief demanded by the plaintiff. It may demand relief exceeding in amount or different in kind from that demanded by the plaintiff."

"Rule 2252. Right to Join Additional Defendants.

"(a) In any action the defendant or any additional defendant may, as the joining party, join as an additional defendant any person whether or not a party to the action who may be alone liable or liable over to him on the cause of action declared upon by the plaintiff or jointly or severally liable thereon with him, or who may be liable to the joining party on any cause of action which he may have against the joined party arising out of the transaction or occurrence or series

of transaction or occurrences upon which the plaintiff's cause of action is based.

"(b) If the person sought to be joined is not a party to the action the joining party may file as of course a praecipe for a writ or a complaint. If the joinder is by writ the joining party shall file his complaint within twenty (20) days from the filing of the praecipe for the writ. The complaint, in the manner and form required of the initial pleading of the plaintiff in the action, shall set forth the facts relied upon to establish the liability of the joined party and the relief demanded. . . .

"(d) If the person sought to be joined is a party, the joining party shall, without moving for severance or the filing of a praecipe for a writ or a complaint, assert in his answer as new matter that such party is alone liable to the plaintiff or liable over to the joining party or jointly or severally liable to the plaintiff or liable to the joining party directly setting forth the ground therefor. The case shall proceed thereafter as if such party had been joined by a writ or a complaint."

"Rule 2253. Time for Filing Praecipe or Complaint.

"Neither praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by a complaint, shall be filed by the original defendant or an additional defendant later than 60 days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof unless such filing is allowed by the court upon cause shown."

It is immediately obvious from the language of the rules that defendant, Hoffman, may file a counterclaim only against plaintiffs and not against defendants Leinhardt and Leinhardt Brothers. Even if we liberally construe the rules and consider the counterclaim against them to be a joinder of them as additional de-

fendants by Hoffman, which would have been a permissible procedure under rule 2252(d), no case has been brought to our attention to the effect that the 60 day time limit set forth in rule 2253 does not apply there.

Hoffman's joinder of the bank as an additional defendant must also fail, since the bank, not being an original party to the action, could only have been joined via a writ or complaint within 60 days of the service of plaintiffs' complaint on Hoffman. Since the procedures called for by the rules were not followed by Hoffman and particularly since no request was made to the court for an extension to join Leinhardt, Leinhardt Brothers and the bank as additional defendants, we feel that we have no alternative but to rule that the joinder of these parties is ineffective.

While there will be some delay caused by our ruling, defendant, Hoffman, is not unduly prejudiced thereby if he acts promptly. Assuming, as we do, that the statute of limitations has not passed on his claim for the $10,000, he may still attempt to obtain leave from the court under rule 2253 to properly join these parties as additional defendants or sue them directly and then petition to consolidate all the actions for trial. We are aware that under rule 2232(c) we could sua sponte order the joinder of the parties here involved, but since we have not been requested to do this, we are not prone to take such an extraordinary step absent a showing of a compelling reason to do so. Under the circumstances, therefore, we enter the following order:

### ORDER

And now, August 16, 1971, the preliminary objections of defendants Franklyn Leinhardt and Leinhardt Brothers and the additional defendant, the Bank of Hanover and Trust Company to the new matter and counterclaim of defendant, Donald B. Hoffman, are

hereby sustained and those portions of the said new matter and counterclaim relating to the said defendants, Franklyn Leinhardt and Leinhardt Brothers and the additional defendant, the Bank of Hanover and Trust Company are hereby stricken from the record.

An exception is granted to the defendant, Donald B. Hoffman.